UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE ARTURO VARGAS LOPEZ,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX, et al.,

Respondents.

No. 1:26-cv-03666-DAD-CSK (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS

(Doc. No. 16)

Petitioner Jose Arturo Vargas Lopez is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 10, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted. (Doc. No. 16.) Specifically, the magistrate judge found that petitioner was not properly detained pursuant to 8 U.S.C. § 1225(b)(2)(A) and instead was subject to the detention procedures found under 8 U.S.C. § 1226(a). (*Id.* at 4–7.) Accordingly, the findings and recommendations found that petitioner should be provided with a substantive bond hearing pursuant to 8 U.S.C. § 1226(a). (*Id.* at 8.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service. (*Id.* at 9.)

On June 17, 2026, petitioner filed his objections to the pending findings and recommendations, arguing that the appropriate remedy in this case is immediate release. (Doc. No. 17.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis to the extent that they conclude that petitioner is not properly detained pursuant to 8 U.S.C. § 1225(b)(2)(A). However, the court declines to adopt the findings and recommendations as to the recommended remedy.

Respondents argue that if petitioner is subject to detention pursuant to 8 U.S.C. § 1226(a), he is only entitled to a bond hearing as a remedy. (Doc. No. 14 at 2–3.) However, respondents represent that petitioner was detained on February 18, 2026 and that, when petitioner requested a bond hearing he was denied bond based on the finding that the immigration judge "lacked the authority to grant bond" without providing any legal justification for that finding. (Doc. Nos. 14 at 2; 14-2 at 7) (finding that the immigration judge did not possess jurisdiction to grant bond redetermination without any citation to legal authority). Accordingly, respondents have not provided petitioner with the requisite bond hearing under 8 U.S.C. § 1226(a) for almost five months. In light of this delay, and respondent's ample opportunity over the past several months to provide the requisite bond hearing, the court finds that immediate release is the appropriate remedy. *See Huerta Huerta v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-02301-DAD-CSK, 2026 WL 1552359, at *1–2 (E.D. Cal. June 2, 2026) (collecting cases finding that immediate release is the appropriate remedy where the petitioner was improperly denied a bond hearing for several months); *see also Zaitsev v. Warden*, No. 2:26-cv-00454-SPG-AS, 2026 WL 1047942, at *7 (C.D. Cal. Apr. 15, 2026) (finding that a post-detention bond hearing is insufficient to cure a violation of procedural due process arising from detention without a pre-deprivation hearing). For the reasons explained above,

1. The findings and recommendations issued on June 10, 2026 (Doc. No. 16) are ADOPTED IN PART;

/////

2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

a. Respondents are ORDERED to immediately release petitioner Jose Arturo Vargas Lopez, A-File No. 221-489-631, from respondents' custody;

b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner unless they provide petitioner with notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

3. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **July 13, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE